Nov. Term, 1850.

McCormick
v.
Taylor.

McCormick and Others *v.* Taylor.

By the act of *January* 28, 1847, a demand of dower of infants is unnecessary.

An infant can assign dower at common law, but if he so assigns, he will be protected against the consequences of excessive assignment, and may have his writ of admeasurement of dower.

An infant cannot defeat an assignment of dower by entry.

A writ of admeasurement of dower is for the benefit of the infant. The widow is bound by her acceptance.

*Friday,*
*November* 29.

APPEAL from the *Tippecanoe* Court of Common Pleas.

PERKINS, J.—This was a proceeding by petition and summons, to obtain dower. The petition alleged no demand of dower before the proceeding was instituted. For this cause it was demurred to, but the demurrer was overruled.

This decision is defended on the ground that the defendants were infants. It is said that they could not assign dower, and it would, therefore, be a vain thing to demand it of them. But an infant can assign dower at common law. There is no prohibition in our statute. It should, therefore, have been demanded before petition filed, at common law. It may be observed here, that if the heir be under age when he assigns dower, " he will be protected against the consequences of excessive assignment, and may have his *writ of admeasurement of dower.* But he cannot defeat the assignment of dower by entry." 1 Greenl. Cruise, 195.

The " *admeasurement of dower*" spoken of, is for the benefit of the infant. The widow is bound by her acceptance.

But by an act of the legislature, approved *January* 23, 1847, a demand of dower of infants is made unnecessary.

*Per Curiam.*—The decree is affirmed with costs.

*Z. Baird,* for the appellants.

*J. Pettit* and *S. Huff,* for the appellee.